TRUSTEES OF AGRICULTURAL COLLEGE v. WEBSTER COUNTY.

Taxation: AGRICULTURAL COLLEGE LANDS.  Agricultural College lands leased by the trustees of the college, under chapter 117, Laws of 1864, providing that the lessee shall pay six per cent per annum upon the appraised value of land, with the privilege of purchasing the same at the expiration of the lease at the appraised value at the date thereof, are not taxable.

*Appeal from Webster District Court.*

FRIDAY, MARCH 29.

THIS action is brought to enjoin the collection of taxes levied by the county, defendant, upon the S. E. ¼ of Sec. 6, Township 81 N. of R. 30, west of 5th P. M., it being a part of the lands granted by congress to Iowa for Agricultural College purposes.  The defendants demurred to the petition, which was overruled; and, standing upon their demurrer, judgment was rendered as prayed for in the petition.  The defendants appeal.   The further necessary facts are stated in the opinion.

*Duncombe & Springer*, for the appellants.

*Geo. W. Bassett* and *Withrow & Wright*, for the appellee.

COLE, J. — The petition contained averments showing substantially the following facts : That the land in question was a part of a grant made by congress to the State of Iowa by an act approved July 2, 1862, entitled "An act donating public lands to the several States and territories which may provide colleges for the benefit of agriculture and mechanic arts." The act granted thirty thousand acres for each senator and representative in congress to which the States were respectively entitled by the apportionment under the census of 1860. It was enacted by section 3, "That all the expenses of management, superintendence, and taxes from date of selection of said lands, previous to their sales, and all expenses incurred in the management and disbursement of the moneys which may be received therefrom, shall be paid by the States to which they may belong, out of the treasury of said States, so that the entire proceeds of the sale of said lands shall be applied, without any diminution whatever, to the purposes hereinbefore mentioned." 12 Stat. at Large, 503. That by an act of the legislature of Iowa, approved September 11, 1862, said grant was "accepted by the State of Iowa upon the terms, conditions and restrictions contained in said act of congress." And said act also made provision for selecting and locating said lands. Acts of Extra Sess. of 1862, pp. 25, 26. Subsequently, and by an act of the Iowa legislature, approved March 29, 1864, said lands were "granted to the Iowa State Agricultural College, situated on the Agricultural Farm in Story county, Iowa." The act further authorized the board of trustees of said college "to lease, for a term of ten or more years, any of said lands, the lessee to pay six per cent interest per annum upon the appraised value of said lands, with the privilege of purchasing the same at the expiration of the lease, at their appraised value at the date of the lease." * * * * * "The lessee, upon failure to pay the interest on his lease within six months after the same becomes due, shall forfeit his lease,

with all the improvements, to the said college." See Laws of 1864, pp. 149, 150. That it is provided by Revision, section 711, that Agricultural College lands are not to be taxed. It is also averred in the petition, that the plaintiff, on the 26th day of August, 1865, leased the lands in question to one John M. Shepherd, for the term of ten years, at a rental of six per cent upon its appraised value, which was specified to be $3.50 per acre, said rent payable annually, and in which lease were embodied the conditions of forfeiture and privilege of purchase, as provided for in the act last above cited, and that the defendant had taxed said land for the years 1868 to 1871 inclusive, and the defendant's treasurer was about to sell the same for said taxes. An injunction was asked. The demurrer was, that the petition did not state facts sufficient to constitute a cause of action.

To avoid repetition we have set out so much of the laws relied upon as are necessary to a full understanding of the averments of the petition in connection with which they are made. It appears that the lands were granted by congress to the State, upon condition that the taxes thereon should be paid by the State; that is, the lands themselves were not to be taxed when situated in the State to which they were granted, and when situated in another State (as they might be, if there was not sufficient lands subject to private entry in the State itself), then the State to which they were granted was to pay the taxes. This grant was accepted by Iowa upon this express condition, and others. Not only so, but it also appears that, by a general law of this State, the lands belonging to the Agricultural College are not to be taxed. The only question to be determined then is, do the lands still belong to the Agricultural College? The lease is strictly according to the statute under which it was made. It is a lease with a *proposition* for sale, and with a condition of forfeiture. It is not a *contract* of sale, and may never become such. If the land

should be sold for taxes, and thereby the plaintiff's title extinguished, it is not very probable that the proposition for sale or privilege of purchase would ever be accepted or embraced; and if not, who would own the land at the end of the ten years? Certainly it would not belong to the lessee, for he has not accepted the proposition or availed himself of the privilege offered him, and hence there has been no sale to him. It could not belong to the purchaser at the tax sale, for it was not subject to taxation, and hence his tax deed would not convey a title.

To constitute a contract of sale there must be both a proposition and an acceptance of it — a mutual assent to the same thing. Until there is an acceptance of the very terms of the offer there is no contract. By the terms of the lease there could be no acceptance of the proposition or exercise of the privilege of purchase until "at the expiration of the lease." The question is almost too clear to justify argument or effort at elucidation. We entertain no doubt, that under the several acts of congress and the State legislature, and the lease as made in this case pursuant to the statute, the Agricultural College is still the owner of the land in question, and hence, that it is not subject to taxation.

Affirmed.